**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**

**IN RE:**

**INNOVATIVE COMMUNICATION CORPORATION,**

**Debtor.**

**Civil No. 2007-129**
**Re: Chapter 11 Case No. 07-30012**

**ATTORNEYS:**

**Adam Hoover, Esq.**
St. Croix, U.S.V.I.
*For the former Board of Directors of Innovative Communication Corporation,*

**Michaela C. Crocker, Esq.**
**Daniel C. Stewart, Esq.**
**James J. Lee, Esq.**
Dallas, TX
*For Stan Springel,*

**Benjamin A. Currence, Esq.**
St. Thomas, U.S.V.I.
*For Stan Springel,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
*For Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd.,*

**Thomas J. Allingham II, Esq.**
Wilmington, DE
*For Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., Greenlight Capital Offshore, Ltd.*

**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

Before the Court is the motion of Stan Springel ("Springel"), Chapter 11 trustee of Innovative Communication Corporation ("Innovative"), to dismiss the above-captioned appeal.[1] For the reasons explained below, the Court will grant the motion.

## I. FACTS

On July 5, 2007, Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd., (collectively, the "Greenlight Entities") filed an involuntary petition against Innovative, pursuant to chapter 11 of the United States Bankruptcy Code ("Chapter 11"). *See In re Innovative Communication Corp.,* Chapter 11 Case No. 07-30012. An order for relief in that case was entered on September 21, 2007.

---

[1] The Court has jurisdiction to review this case pursuant to 28 U.S.C. § 158(a). The Court will review the Bankruptcy Division's findings of fact for clear error and will exercise plenary review over questions of law. *In re Barbel*, 2004 U.S. Dist. LEXIS 19417 at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law *de novo* but may only review findings of fact that are clearly erroneous.") (citing Fed. R. Bankr. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)), *aff'd* 183 Fed. Appx. 227 (3d Cir. 2006).

On September 28, 2007, the sole shareholder of Innovative removed and terminated all members of Innovative's Board of Directors.

On October 3, 2007, the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division") entered an order directing that the United States Trustee shall immediately appoint a Chapter 11 trustee for Innovative. The order further stated that such trustee "shall serve with full statutory powers." (Order 1, Chapter 11 No. 2007-30012.)

On October 4, 2007, Springel was appointed as trustee for the bankruptcy estate of Innovative (the "Innovative Estate"). Also on October 4, 2007, Adam Hoover, Esquire, filed an application for appointment as counsel for Innovative.

On October 10, 2007, Hoover filed a notice of appeal from the Bankruptcy Division's September 21, 2007, order granting Chapter 11 relief; the October 3, 2007, order requiring the appointment of a Chapter 11 trustee; and the October 4, 2007, order denying Hoover's motion for reconsideration of the September 21, 2007, order.

On October 12, 2007, Springel moved the Bankruptcy Division for an order compelling Hoover to disclose his authority to file the October 10, 2007, notice of appeal, and to strike that notice of appeal. Also on October 12, 2007, Springel filed the instant

motion in this Court, which requests similar relief, and additionally seeks dismissal of the above-captioned appeal.

At a hearing conducted on November 15, 2007, the Bankruptcy Division denied Hoover's application for employment as Innovative's counsel. It also granted Springel's motion to strike Hoover's notice of appeal. During the hearing, the bankruptcy judge stated:

> Mr. Hoover, . . . .
>
> If you think you represent individual members of an old board that's been removed, you may certainly, on behalf of them, file whatever you choose, if you think you have standing.
>
> I don't see how they have standing. They're not . . . grievously affected. They are not the estate. They're not going to be compensated by the estate. They've not filed any applications to be retained or recognized by this Court.
>
> They have no standing to represent the debtor.
>
> They never had standing to represent the debtor. They are parties in interest in a case. They are not the debtor. And they do not represent New ICC. They never represented New ICC.
>
> You have no standing to file that appeal. You have no standing to represent the debtor. You do not represent the debtor.
>
> This Court does not recognize your representation of the debtor. In fact, this debtor had different counsel at the time that it was a debtor in possession. It is not a debtor in possession any longer. The trustee now represents the interest of this estate.
>
> You have no standing to appear here on behalf of [Innovative]. I am terminating any pleadings that you may have filed on behalf of the debtor.
>
> You did not have standing to represent them. And your appearance on behalf of the debtor New ICC is null and void. You have no standing to do it.

> In fact, I'm not sure what standing, if any, the debtor had to appeal that order itself. But you certainly had no standing to represent the debtor in that appeal.
>
> I am striking all of the pleadings that you have filed, including the notice of appeal.
>
> . . .
>
> But you do not represent the debtor. You will not represent the debtor in this case, because the debtor is now out of possession, and Mr. Springel at this point in time already has counsel in the case.

(Hr'g Tr. 68-70, Nov. 15, 2007.)

The Bankruptcy Division memorialized its November 15, 2007, ruling in a written order entered on November 26, 2007. That order stated:

> G. . . . . At [the November 15 2007,] hearing, this Court . . . demanded that Hoover provide evidence of his alleged authority to represent the Debtor in light of the Trustee's appointment. Hoover failed to provide any evidence that he has been authorized by the Trustee to represent the Debtor.
>
> H. Because he has not been retained by the Trustee, Hoover is not authorized to represent the Debtor and the Application must and shall be denied. Further, all pleadings filed by Hoover in this Case on behalf of or in the name of the Debtor (collectively, the "Unauthorized Filings") are null and void and shall be stricken from the record, including, but not limited to . . . the Notice of Appeal.

(Order 2-3, ¶¶ G-H, Chapter 11 Case No. 2007-30012, Nov. 26, 2007.)

## II. ANALYSIS

As a threshold matter, the Court must consider the effect of the Bankruptcy Division's striking of Hoover's notice of appeal in this matter. This inquiry also requires an analysis of the effect of filing a notice of appeal in the first instance.

> As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on [an appellate court] and divesting a [trial] court of its control over those aspects of the case involved in the appeal.

*Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985); *see also In re Kendrick Equipment Corp.,* 60 B.R. 356, 358 (Bankr. W.D. Va. 1986) ("[T]he taking of an appeal transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to any matters involved in the appeal and divests the Bankruptcy Court of jurisdiction to proceed further with such matters."). Trial courts therefore lack jurisdiction to strike or dismiss notices of appeal. *See* Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994); *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990); *Camby v. Davis*, 718 F.2d 198, 200 n.2 (4th Cir. 1983); *United States v. Real Property Located at 886 North Hamilton St. Clair County, Marissa, Ill.,* 34 Fed. Appx. 235, 237 (7th Cir. April 29, 2002)

(unpublished). Rather, trial courts have a ministerial duty to forward to the proper court of appeals any notice of appeal which is filed. *Dickerson*, 37 F.3d at 252.

Hoover timely filed the notice of appeal in this matter prior to the issuance of the Bankruptcy Division's November 15 and 26, 2007, orders granting Springel's motion to strike. Because Springel's motion to strike Hoover's notice of appeal was part of the subject matter of Hoover's appeal, the Bankruptcy Court lacked jurisdiction to consider that motion. *See, e.g., Willis v. Town of Trenton, N.C.,* 81 F.3d 153 (4th Cir. 1996) ("The district court did not have jurisdiction to strike the . . . notice of appeal."); *Moore v. Hood County,* 20 F.3d 468 (5th Cir. 1994) ("The district court's order striking and unfiling the document was improper. The notice of appeal is effective to confer appellate jurisdiction."); *Hogg v. United States*, 411 F.2d 578, 580 (6th Cir. 1969) ("The order of the District Court striking the notice of appeal was not an act authorized by the Rules in aid of the appeal and it therefore is a nullity."); *see also, e.g., In re Air Vermont, Inc*., 47 B.R. 536 (Bankr. Vt. 1985) (holding that the court lacked jurisdiction to determine a motion to strike a notice of appeal as a result of the timely filing of the notice of appeal).

Accordingly, the Court will vacate the Bankruptcy Court's November 15 and 26, 2007, orders, to the extent they purport to strike Hoover's notice of appeal in this matter. The Court's inquiry is not complete, however. The Court must still decide whether Hoover's appeal should be dismissed.

Hoover's notice of appeal expressly states that it has been filed on behalf of "Innovative Communication Corporation . . . acting through its counsel, Adam Hoover . . . ." (Notice of Appeal 1, Oct. 10, 2007.) However, the record in this matter clearly establishes that Hoover has not been hired as an attorney by Innovative. At a hearing held on October 2, 2007, Hoover did not even claim to represent Innovative. Rather, Hoover told the bankruptcy judge that he had been hired by the Board before it was removed. Hoover admitted, however, that he had not formally entered into an agreement to represent the removed Board.

Furthermore, the right to appeal is part of the debtor's estate in bankruptcy. *Martin v. Monumental Life Ins. Co.,* 240 F.3d 223, 232 (3d Cir. 2001); *see also* 11 U.S.C. § 541(a) (defining what comprises the bankruptcy estate). Accordingly, the right to appeal rests with the trustee, as "the representative of the estate." 11 U.S.C. § 323(a)-(b); *see also* Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee . . . may prosecute or may enter an appearance and defend

any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.”).

After a bankruptcy trustee has been appointed, only the trustee can pursue an appeal on behalf of the debtor corporation, unless the appeal has been abandoned by the trustee.[2] *See Martin,* 240 F.3d at 232 (explaining that, because the right to appeal is part of the bankruptcy estate, only the trustee can pursue an appeal, unless the trustee has abandoned the appeal); *see also In re Dawnwood Properties/78*, 209 F.3d 114, 116 (2d Cir. 2000) (explaining that once the trustee was appointed to maximize the assets of the Chapter 11 estate, only the trustee – not the debtor or its principal equity holder – had the authority to sue on behalf of the estate); *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) (“It is well settled that the right to pursue causes of action formerly belonging to the debtor . . . vests in the trustee for the benefit of the estate. . . . The debtor has no standing to pursue such causes of action.” (internal quotations omitted)). In this case, Springel had been appointed as trustee for Innovative before Hoover filed the

[2] *See* 11 U.S.C. § 554(a) (providing that, after notice and a hearing, a bankruptcy trustee may abandon “any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate”).

notice of appeal. After Springel was appointed as Chapter 11 trustee for Innovative, the authority to pursue appeals on behalf of Innovative belonged exclusively to Springel. There is no evidence that Springel retained, or otherwise engaged Hoover.

## III. CONCLUSION

Accordingly, the Court will grant Springel's motion to dismiss this appeal. An appropriate Order follows.

**S_____________________________**
**Curtis V. Gómez**
**Chief Judge**